## FLUHR v. MANHATTAN RY. CO.

·(Supreme Court, Appellate Division, Second Department. May 1, 1900.)

**1. CARRIERS—PERSONAL INJURIES—TESTIMONY OF PHYSICIAN—COMPETENCY.**

Where plaintiff's wife was injured on one of the defendant's trains, and he sued to recover for the loss of her services, and the family physician made 89 visits to her, and attended 5 consultations, from the time of the accident, in March, 1896, to May, 1897, and was then away for a considerable time, but examined her two days before the trial, he was competent to answer the question as to how long the pain occasioned by such injury continued.

**2. WITNESS—IMPEACHMENT.**

Where plaintiff's wife, who was injured on a train of the defendant company, was examined by the defendant's physician in company with two physicians for the plaintiff, the testimony of one of the latter that the former practically agreed with them as to the nature of the injury was admissible, where defendant's physician denied making the statement.

Appeal from trial term.

Action by Anthony Fluhr against the Manhattan Railway Company. From a judgment in favor of the plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Joseph H. Adams (Julien T. Davies, on the brief), for appellant.
Charles J. Patterson, for respondent.

GOODRICH, P. J. The plaintiff sues for damages resulting from the loss of the services of his wife, and for medical attendance consequent upon the injuries caused by an accident brought about by the alleged negligence of the defendant in the operation of one of its trains. The wife recovered a judgment for damages caused to her by the same accident, which this court had under consideration, and affirmed without opinion, on the condition that the plaintiff would stipulate to reduce the amount of damages. 34 App. Div. 624, 54 N. Y. Supp. 1099.

The defendant contends that the court improperly admitted the testimony of Dr. Johnson as to the action of Mrs. Fluhr while he was examining her previous to the trial. Substantially the same question arose in Mrs. Fluhr's case, in which we considered the objection, and held it untenable, and we see no reason to change our opinion on that subject.

Another exception was taken, as to the testimony of Dr. Millington, the attending family physician of Mrs. Fluhr:

"Q. You spoke of pain at the time you first examined her along the thigh. How long did that continue? * * * A. Well, that pain continued, off and on, up to the present time."

A motion was made to strike out the answer on the ground that the physician had been away for a long time.

"The Court: He was only asked whether he knows while he attended her."

In the cross-examination of the witness, it appeared that he made 89 visits, and took part in 5 consultations, which took place from

the time of the accident, in March, 1896, to May, 1897, after which time he was absent from the city for a considerable interval; but he also testified that he had examined Mrs. Fluhr within two days of the trial. His answer was, therefore, competent, as to the condition of Mrs. Fluhr up to the time of the trial.

The third exception relates to what the defendant denominates a "collateral attack" upon Dr. Skene, an expert produced by it. The record shows that Dr. Skene examined Mrs. Fluhr in company with Drs. Johnson and Millington, and he states her condition differently from the testimony of the other two doctors. The plaintiff's counsel asked him:

"Did you not say to Dr. Johnson and Dr. Millington, in substance, that, practically, you were agreed? A. No, sir. Q. And that, practically, there was small difference between you? A. No, sir."

Dr. Millington, on rebuttal, was asked:

"Q. What did he say to you in answer to that, after he got through with the examination? What did he say about whether he agreed or disagreed with your diagnosis of the case? * * * A. I don't recall the exact words, but the impression on my mind was— The Court: That won't do. Witness: He practically— The Court: No; that won't do. Q. I don't wish anything except your recollection of the substance of what he said, and, if you have not that recollection, I don't want it at all. I want your recollection of the substance of what he said. * * * Q. What did you state to him? The Court: You stated substantially what he stated here? Witness: Yes, sir. Q. That is to say, you stated that to Dr. Skene as your diagnosis of the case? A. Yes, sir. The Court: Now, what did Dr. Skene say to you then, if anything, or the substance of what he said? * * * (Defendant excepted.) * * * Witness: That he practically agreed with us; that he did not differ; that he did not differ with us materially, in our opinion of the case. * * * Plaintiff's Counsel: I don't want any impression of your mind. I want your recollection of what was said. * * * The Court: That is your recollection? Witness: Yes, sir."

The court denied the defendant's motion to strike out the testimony thus given and received, and the defendant excepted. We think no error was committed. There was no collateral attack upon Dr. Skene. He had been examined as to the interview by defendant's counsel, and on cross-examination testified that he made no such statement; and while, at first, it would seem as if Dr. Millington testified as to his impression of the conversation, or his conclusion of the result of it, yet, in effect, he stated what was said at the interview in question. The admission of the testimony was, therefore, proper.

We have examined the other exceptions, and find none of them tenable. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.